# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class TRAVIS C. RILEY
## United States Air Force

## ACM S32366

## 8 February 2016

Sentence adjudged 3 December 2014 by SPCM convened at Barksdale Air Force Base, Louisiana. Military Judge: Mark W. Milam (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 2 months, and reduction to E-1.

Appellate Counsel for Appellant: Major Isaac C. Kennen.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MAYBERRY, Judge:

At a special court-martial composed of a military judge alone, Appellant was convicted, consistent with his pleas, of wrongfully using cocaine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The court sentenced Appellant to a bad-conduct discharge, confinement for 2 months, and reduction to E-1. In accordance with a pretrial agreement which limited confinement to 4 months, the convening authority approved the sentence as adjudged.

Before us, Appellant argues his sentence is inappropriately severe. Finding no error prejudicial to the substantial rights of Appellant, we affirm.

*Background*

Sometime between 1 August 2014 and 5 September 2014, Appellant went to a local bar in Shreveport, Louisiana, with a co-worker. After the co-worker departed, Appellant struck up a conversation with another bar patron. The other patron indicated that Appellant needed to get "peppy" and suggested doing cocaine. Three times that evening, Appellant snorted cocaine through a rolled dollar bill with his newfound friend in the friend's truck. Appellant's positive urinalysis results were received days after he left for a six-month deployment to Guam. Appellant was returned early from the deployment and another squadron member was sent to replace him.

*Sentence Appropriateness*

Appellant argues that his sentence, which includes a bad-conduct discharge, is inappropriately severe.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citing *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Appellant's counsel argues that Appellant, a young Airman with no prior disciplinary problems, committed a victimless crime and the sentence is unreasonable because it does not fit the nature of the crime or the harm incurred. Counsel further opines, "Affirming this sentence would be, in effect, stating that every case involving even a single allegation of cocaine use warrants severe punishment. Such a position would render injustices in perpetuity since, as decades of history show, Airmen are not going to stop using cocaine." We disagree. We have given individualized consideration to this particular appellant, to the nature and seriousness of the offense, to Appellant's record of service, and to all other matters in the record of trial. We find the approved sentence to be correct in law and fact and determine that, on the basis of the entire record, it should be approved.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED.**

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court